MARC J. FAGEL (State Bar No. 154425)
JUDITH L. ANDERSON (State Bar No. 124281)
MICHAEL S. DICKE (State Bar No. 158187)
ELENA RO (State Bar No. 197308)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**C 07 3799**

HRL

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

    v.

KLA-TENCOR CORPORATION,

        Defendant.

Case No. _____

CONSENT OF DEFENDANT KLA-TENCOR
CORPORATION TO ENTRY OF FINAL
JUDGMENT

1.     Defendant KLA-Tencor Corporation ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violation of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), 78m(b)(2)(B)] and

1        Rules 12b-20, 13a-1, 13a-11 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1,

2        240.13a-11 and 240.13a-13] thereunder.

3        3.       Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule

4    52 of the Federal Rules of Civil Procedure.

5        4.       Defendant waives the right, if any, to a jury trial and to appeal from the entry of the

6    Final Judgment.

7        5.       Defendant enters into this Consent voluntarily and represents that no threats, offers,

8    promises, or inducements of any kind have been made by the Commission or any member, officer,

9    employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

10       6.       Defendant agrees that this Consent shall be incorporated into the Final Judgment with

11   the same force and effect as if fully set forth therein.

12       7.       Defendant will not oppose the enforcement of the Final Judgment on the ground, if

13   any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby

14   waives any objection based thereon.

15       8.       Defendant waives service of the Final Judgment and agrees that entry of the Final

16   Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its

17   terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty

18   days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration

19   stating that Defendant has received and read a copy of the Final Judgment.

20       9.       Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted

21   against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

22   representation has been made by the Commission or any member, officer, employee, agent, or

23   representative of the Commission with regard to any criminal liability that may have arisen or may

24   arise from the facts underlying this action or immunity from any such criminal liability.  Defendant

25   waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the

26   imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's

27   entry of a permanent injunction may have collateral consequences under federal or state law and the

28   rules and regulations of self-regulatory organizations, licensing boards, and other regulatory

2

1   organizations. Such collateral consequences include, but are not limited to, a statutory

2   disqualification with respect to membership or participation in, or association with a member of, a

3   self-regulatory organization. This statutory disqualification has consequences that are separate from

4   any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding

5   before the Commission based on the entry of the injunction in this action, Defendant understands that

6   it shall not be permitted to contest the factual allegations of the complaint in this action.

7          10.    Defendant understands and agrees to comply with the Commission's policy "not to

8   permit a defendant or respondent to consent to a judgment or order that imposes a sanction while

9   denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance

10  with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any

11  public statement denying, directly or indirectly, any allegation in the complaint or creating the

12  impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent,

13  Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation

14  in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to

15  vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph

16  affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in

17  litigation or other legal proceedings in which the Commission is not a party.

18         11.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small

19  Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from

20  the United States, or any agency, or any official of the United States acting in his or her official

21  capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

22  expended by Defendant to defend against this action. For these purposes, Defendant agrees that

23  Defendant is not the prevailing party in this action since the parties have reached a good faith

24  settlement.

25         12.    Defendant agrees that the Commission may present the Final Judgment to the Court

26  for signature and entry without further notice.

27         13.    In connection with this action and any related judicial or administrative proceeding or

28  investigation commenced by the Commission or to which the Commission is a party, Defendant

SEC v. KLA-TENCOR CORP.
CONSENT TO ENTRY OF FINAL JUDGMENT

1  (i) agrees to take all possible steps to make available its employees and agents to appear and be

2  interviewed by Commission staff at such times and places as the staff requests upon reasonable

3  notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the

4  Commission for documents or testimony at depositions, hearings, or trials, or in connection with any

5  related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to

6  receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas,

7  waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure

8  and any applicable local rules, provided that the party requesting the testimony reimburses

9  Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per

10  diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District

11  Court for purposes of enforcing any such subpoena.

12       14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

13  purpose of enforcing the terms of the Final Judgment.

14

15  Dated:  __7/23/07__, 2007

16                            [Name] _Brian Martin_
                                  [Title] _General counsel_

17                            For KLA-Tencor Corporation

18

19      On _July 23_, 2007, _Brian Martin_, a person known to me, personally

20  appeared before me and acknowledged executing the foregoing Consent.

21

22                    Notary Public _Odette H. Devera_

23                    Commission expires: _Jan 21, 2010_

24  Approved as to form:

25

26  John H. Hemann, Esq.
      William H. Kimball, Esq.

27  Morgan, Lewis & Bockius LLP
      One Market, Spear Street Tower

28

ODETTE H. DEVERA
Commission # 1632812
Notary Public - California
Santa Clara County
My Comm. Expires Jan 21, 2010

                                4

1 | San Francisco, California 94105
Telephone: (415) 442-1000
2 | Facsimile: (415) 442-1001

3 | Attorneys for Defendant
KLA-TENCOR CORPORATION

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1  MARC J. FAGEL (State Bar No. 154425)
   JUDITH L. ANDERSON (State Bar No. 124281)
2  MICHAEL S. DICKE (State Bar No. 158187)
   ELENA RO (State Bar No. 197308)
3
   Attorneys for Plaintiff
4  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2600
5  San Francisco, California 94104
   Telephone: (415) 705-2500
6  Facsimile: (415) 705-2501

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12  SECURITIES AND EXCHANGE COMMISSION,   Case No.   C 07-3799 JW

13              Plaintiff,

14       v.                               [PROPOSED] FINAL JUDGMENT

15  KLA-TENCOR CORPORATION,

16              Defendant.

17

18

19       The Securities and Exchange Commission having filed a Complaint and Defendant KLA-

20  Tencor Corporation having entered a general appearance; consented to the Court's jurisdiction over

21  Defendant and the subject matter of this action; consented to entry of this Final Judgment without

22  admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of

23  fact and conclusions of law; and waived any right to appeal from this Final Judgment:

24

25                                    I.

26       IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant and its agents,

27  servants, employees, attorneys, and all persons in active concert or participation with any of them

28  who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently

                                      1

1  restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 18m(a)] and

2  Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and

3  240.13a-13], thereunder, by failing to file annual, quarterly and current reports in conformity with the

4  Commission's integrated reporting and disclosure regulations, Regulations S-K and S-X, or by failing

5  to include such further material information as may be necessary to make the required statements, in

6  light of the circumstances under which they were made, not misleading.

7

8                                                    II.

9         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and its agents,

10  servants, employees, attorneys, and all persons in active concert or participation with any of them

11  who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently

12  restrained and enjoined from any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange

13  Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by failing, with respect to any issuer which has a

14  class of securities registered pursuant to Section 12 of the Exchange Act or which is required to file

15  reports pursuant to Section 15(d) of the Exchange Act, (A) to make and keep books, records, and

16  accounts, which, in reasonable detail, accurately reflect the transactions and dispositions of the assets

17  of the issuer; and (B) to devise and maintain a system of internal accounting controls sufficient to

18  provide reasonable assurances that:

19         (a)           transactions are executed in accordance with management's general or specific

20  authorization;

21         (b)           transactions are recorded as necessary (1) to permit preparation of financial

22  statements in conformity with generally accepted accounting principles or any other criteria

23  applicable to such statements, and (2) to maintain accountability for assets;

24         (c)           access to assets is permitted only in accordance with management's general or

25  specific authorization; and

26         (d)           the recorded accountability for assets is compared with the existing assets at

27  reasonable intervals and appropriate action is taken with respect to any differences.

28

SEC v. KLA-TENCOR CORP.
[PROPOSED] FINAL JUDGMENT

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

The Clerk shall close this file.

Dated:  January 4, 2008

_____
JAMES WARE
United States District Judge

Approved as to form:

_____
John H. Hemann, Esq.
William H. Kimball, Esq.
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, California 94105
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001

Attorneys for Defendant
KLA-TENCOR CORPORATION

3

SEC v. KLA-TENCOR CORP.
[PROPOSED] FINAL JUDGMENT